# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **L.D.,** *et al.* | * | |
| | * | |
| v. | * | Civil Action No. 18-1637 |
| | * | |
| **Anne Arundel County** | * | |
| **Public Schools,** *et al.* | * | |

## MEMORANDUM

Now pending before the court is the plaintiffs' motion to reconsider and to alter or amend a judgment. The motion has been fully briefed and no oral argument is necessary. For the reasons stated below, the court will deny the motion.

## FACTS AND PROCEDURAL HISTORY

The facts are more extensively recounted in the court's November 18, 2019, memorandum. L.D. is a student at Anne Arundel County Public Schools ("AACPS") who receives special education services. In short, the parties dispute whether L.D. and her parents (the plaintiffs) are entitled to publicly funded independent educational evaluations ("IEEs") under the Individuals with Disabilities Education Act ("IDEA") because AACPS[1] did not appropriately evaluate L.D. for a specific learning disability.

On November 18, 2019, this court denied both parties' motions for summary judgment and remanded the case to the Maryland Office of Administrative Hearings for further proceedings. This court found that the Administrative Law Judge ("ALJ") had inappropriately limited the scope of the administrative hearing by not considering the "triennial evaluation process as a whole." (ECF 39, Memorandum at 7). Therefore, this court remanded the case to the ALJ so she could consider relevant evidence and make factual findings regarding whether the

---

[1] The plaintiffs also filed their complaint against George Arlotto, Superintendent of AACPS, and Bobbi Pedrick, Director of Special Education at AACPS, in their official capacities.

1

triennial evaluation was appropriate. (*Id.* at 8–9). The plaintiffs filed their motion for reconsideration on December 3, 2019, requesting that the court reconsider its decision to remand and instead grant summary judgment for the plaintiffs.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(e), there are "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Sloas v. CSX Transp. Inc.*, 616 F.3d 380, 385 n.2 (4th Cir. 2010) (quoting *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "The district court has considerable discretion in deciding whether to modify or amend a judgment." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008). Generally, however, it is a remedy that should be used sparingly. *Id.* (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)).

## DISCUSSION

The plaintiffs argue that the court should grant their motion for reconsideration for two reasons: to account for new evidence and to prevent manifest injustice. First, they argue the pre-hearing telephone conference transcript is new evidence. In the court's memorandum, it noted that the decision on the scope of the hearing seems to have been made at the prehearing conference, but that a record of that conference was not in the administrative file. According to the plaintiffs, the Maryland State Department of Education ("MSDE") neglected to include the prehearing conference report and order, as well as the prehearing conference transcript, in the administrative file it sent to the court. The transcript therefore constitutes new evidence that shows that AACPS "made a strategic decision to oppose the use of any evidence beyond a

narrow scope of the [AACPS's] evaluation." (ECF 42-1, Mot. to Reconsider at 5). Second, the plaintiffs argue that remanding the case to the ALJ would result in a manifest injustice because "it will allow AACPS a chance to relitigate this case now that its strategy has been rejected by this Court" and prolong the litigation. (*Id.* at 10).

The transcript of the prehearing conference is not new evidence justifying reconsideration. First, it does not appear to be new evidence. The parents (although without counsel) participated in the prehearing conference, and the plaintiffs have not shown that they either did not have the transcript or could not have obtained it prior to briefing the motions for summary judgment.

Second, and even assuming the transcript is new evidence, it does not change the court's decision to remand. The plaintiffs rely on the prehearing transcript to make the same argument as they did before, which is that AACPS "should not have the benefit of a remand for engaging in a deliberate, albeit flawed, litigation strategy" (ECF 47, Reply at 2; *see* ECF 32, Pls.' Opp'n to Cross-Motion at 17 ("AACPS was successful at the administrative level in its effort to confine the hearing to the four corners of the evaluations . . . Defendants are not entitled to a second bite at the apple; AACPS should be held to the record it created below.")). The court understood this argument the first time, but found remand to be appropriate because the ALJ did not make the necessary factual determinations for the court to review. The prehearing transcript, even if considered, would not affect the decision to remand. *See Johnson v. District of Columbia,* 266 F. Supp. 3d 206, 212 (D.D.C. 2017) ("In addition to the requirement that the 'new evidence' be in fact new, a Court must also conclude that the new evidence creates a material dispute of fact in order to justify altering or amending a grant of summary judgment." (emphasis omitted)).

Regardless of who advocated to limit the scope of the administrative hearing, remand is

3

appropriate because further factual development is needed. Because "[t]his court's jurisdiction under the IDEA is limited to review of the final 'findings and decision' of the administrative proceedings" and there are "no 'findings' or 'decision' regarding" whether the triennial review was appropriate, the proper disposition is to remand this case for further administrative proceedings. *Lunn v. Weast,* No. CV DKC 2005-2363, 2006 WL 8456978, at *3 (D. Md. July 28, 2006)[2] (citations omitted) (collecting cases). The plaintiffs cite to *Springer v. Fairfax County School Board*, 134 F.3d 659 (4th Cir. 1998), for the proposition that a party should be limited in its opportunity to "improve its case with additional evidence at a second administrative hearing on remand from federal court." (Mot. to Reconsider at 9). In *Springer,* the Fourth Circuit affirmed the district court's exclusion of an expert witness's testimony because the plaintiffs had chosen not to have the expert testify at the administrative hearing. *Springer*, 134 F.3d at 662, 667. In *Springer*, however, it does not appear that the administrative hearing officer failed to make necessary factual findings; rather, the plaintiffs sought to bolster their evidence at the district court level in order to dispute factual findings actually made at the administrative level. More recently, the Fourth Circuit has stated, where there is conflicting evidence and "the Hearing Officer's opinion . . . [did] not contain a finding on the critical issue necessary to resolving this case," that "we have no choice but to remand all the way back to the Hearing Officer." *JH ex rel. JD v. Henrico Cty. Sch. Bd.*, 395 F.3d 185, 196–97 (4th Cir. 2005).

Remand also will not result in a manifest injustice justifying reconsideration. The court is sympathetic to the time and money that both parties have devoted to this case, and recognizes the plaintiffs' frustration that, had the ALJ accepted their argument as to the scope of the hearing, further remand might not have be necessary. The court does not agree, however, that remand would "reward AACPS for convincing the ALJ to improperly narrow the scope of the case."

---

[2] Unreported cases are cited for the soundness of their reasoning, not for any precedential value.

(Mot. to Reconsider at 10).  First, it is not clear how remanding the case to the ALJ "reward[s]" AACPS, as AACPS will still have the burden of proof to show that the triennial evaluation was appropriate, and, like the plaintiffs, will also need to devote time and expense as a result of remand.  *See Schaffer ex rel. Schaffer v. Weast*, 554 F.3d 470, 476 (4th Cir. 2009) (in discussing the introduction of post-hearing evidence, noting that perpetual litigation "would force school districts to divert scarce resources to the already substantial costs of IDEA litigation").  Second, the court disagrees with the plaintiffs' characterization that AACPS is responsible for the narrow scope of the administrative hearing.  Although AACPS argued for limiting the scope, the ultimate ruling was made by the ALJ.  Accordingly, the court does not find that remand would result in manifest injustice.

The plaintiffs also argue for the first time in their reply that if the court remands, it should still retain jurisdiction.  It appears that at least the Ninth and the D.C. Circuits favor a stay over terminating the action when remanding to a hearing officer to make additional findings.  *See Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 152 F.3d 1159, 1160 (9th Cir. 1998), as amended (Aug. 31, 1998) (per rule in the circuit, district court should have stayed rather than terminated action when remanding to hearing officer for further factual findings); *McLean v. D.C.*, 323 F. Supp. 3d 20, 24 (D.D.C. 2018) (staying proceedings and noting the D.C. Circuit has cited *Shapiro* with approval).

"The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered."  *Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006).  Further, the plaintiffs have not presented any Fourth Circuit case on the issue or otherwise shown that closing instead of staying the case was a clear error.  Therefore, the court will not amend its original order to stay proceedings instead of

closing the case.

## CONCLUSION

For the reasons stated above, the court will deny the motion to reconsider and to alter or amend a judgment. A separate order follows.

| | |
|---|---|
| 4/6/20 | /S/ |
| Date | Catherine C. Blake<br>United States District Judge |